Law Library

**IN THE SUPERIOR COURT OF GUAM**

FILED
SUPERIOR COURT
OF GUAM

2013 JUN 18 PM 3: 50

CLERK OF COURT
BY

THE PEOPLE OF GUAM, )
)          **CRIMINAL CASE NO. CM0307-12**
vs.                                     )
)          **DECISION AND ORDER**
ZHAO QUIANG YU,                         )
)
Defendant.            )
)

## INTRODUCTION

This matter came before the Honorable James L. Canto II on the Defendant's motion to dismiss, received February 27, 2013. Oral arguments were heard on April 8, 2013. Assistant Attorney General Nicholas B. Barrett appeared on behalf of the Government and Assistant Public Defender Pablo M. Aglubat represented the Defendant. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

On December 7, 2010, the Government filed a criminal complaint to allege that Defendant drove under the influence of alcohol on January 2, 2010. *People v. Yu*, CM1117-10, *Complaint* (Super. Ct. Guam Dec. 7, 2010). On February 27, 2012, the Superior Court dismissed the complaint without prejudice because Defendant was not arraigned within sixty (60) days pursuant to *People v. Rasauo*, 2011 Guam 14. *People v. Yu*, CM1117-10, *Order for Closure* (Super. Ct. Guam Feb. 27, 2012).

On March 28, 2012, the Government filed the present complaint to reprosecute the charges that were dismissed without prejudice. On February 27, 2013, Defendant moved to dismiss this case on the grounds that prosecution did not commence within one year of the offense in violation of 8 GCA § 10.30.

///

///

ORIGINAL

## DISCUSSION

Under Guam law, "[a] prosecution for any offense which is not a felony shall be commenced within (1) year after it is committed." 8 GCA § 10.30. "An offense is committed ... when every element occurs ... [and] [t]ime starts to run on the day after the offense is committed." 8 GCA § 10.60. "A prosecution is commenced when ... a complaint is filed." 8 GCA § 10.70. "The periods of limitation ... do not run during any time when a criminal action against the defendant for the same conduct is pending in this Territory, even if ... the action is later dismissed." 8 GCA § 10.50. However, the failure to re-commence prosecution under 8 GCA § 10.30 is a statutory bar to re-prosecution. *See People v. Villapando*, 1999 Guam 31 ¶ 52 (*citing People v. Palomo*, 1998 Guam 12 ¶¶ 15-17).

In this case, the non-felony offense of driving under the influence of alcohol is alleged to have been committed on January 2, 2010. The time to commence prosecution began to run on January 3, 2010. A complaint was filed three hundred and thirty-eight (338) days later on December 7, 2010. The period of limitation did not run during the time this first criminal action was pending. The first criminal action was dismissed without prejudice on February 27, 2012 and the time to commence prosecution began to run again. The Government filed a second complaint thirty (30) days later on March 28, 2012. The second prosecution commenced a total of three hundred and sixty-eight (368) days after the offense was committed. Thus it was filed three (3) days after the one-year sum of applicable days within which to prosecute had elapsed under 8 GCA § 10.30. For this reason, the prosecution of the offense of driving under the influence of alcohol on January 2, 2010 was barred as a matter of law and the motion to dismiss shall be granted.

///

///

///

///

///

///

ORIGINAL

## CONCLUSION

Based upon the foregoing, the Defendant's motion to dismiss is hereby GRANTED and the complaint is DISMISSED with prejudice.

SO ORDERED this ___18TH___ day of June, 2013.

_____

**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

JUN 1 8 2013

Roman F.P. Quinata
Deputy Clerk, Superior Court of Guam